# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

FORTINO SANCHEZ,

    *Petitioner*,

vs.

STATE OF NEVADA*, et al.,*

    *Respondents*.

3:13-cv-00415-RCJ-VPC

ORDER

This closed action by a Nevada state inmate comes before the Court on petitioner's motion (#13) for reconsideration as well as on his motion (#11) to compel and motion (#14) for a copy of the docket sheet. The motion for reconsideration was filed within the time period for seeking relief under Rule 59.

## *Background*

The papers on file along with the online dockets of the state courts reflect the following.

Petitioner Fortino Sanchez was convicted in Nevada state court, pursuant to a jury verdict, of three counts of lewdness with a child under the age of fourteen and one count of sexual assault of a minor under the age of fourteen.

The judgment of conviction in No. C268118 in the state district court was filed on March 6, 2012. Sanchez filed a direct appeal through counsel under No. 60582 in the state supreme court. Briefing was completed in the state supreme court on October 11, 2013, and the matter is under review in that court.

During the pendency of the direct appeal, the still-represented petitioner filed numerous proper person papers in the state district court, including a February 12, 2013, state post-


conviction petition. The state district court took the petition off the calendar due to the pending direct appeal. Petitioner filed a proper person appeal from that action by the state district court, under No. 63527. The state supreme court dismissed the appeal in No. 63527 for lack of jurisdiction on September 9, 2013. The court thereafter denied a petition for rehearing on November 13, 2013, and the remittitur issued on December 10, 2013.

Meanwhile, during the pendency of the foregoing state court proceedings, including the direct appeal proceedings, petitioner commenced this federal action.

On August 2, 2013, the Clerk received a one-page handwritten and unsigned document. The page had a caption of "Fortino Sanchez v. the State of Nevada" and a citation to 28 U.S.C. § 2254(b)(1)(c). The paper stated that the representation by the state public defender's office fell below professional norms because counsel failed to file a motion for a speedy trial.

Petitioner neither paid the filing fee nor submitted a pauper application with the foregoing paper. The paper further was not presented on either the habeas petition form or the civil rights complaint form required by the Court's local rules.

On August 5, 2013, the Clerk received a paper by petitioner forwarded from the Court of Appeals. The paper included the first page and the signature page from the Court's § 2254 form, but there was no statement of claims between the pages. Petitioner instead had inserted copies of apparent state court record exhibits between the pages.

Petitioner thereafter filed a number of motions and other papers, including motions seeking a stay of the federal action pending completion of the state proceedings and ordering state counsel to provide documents to petitioner.

On September 17, 2013, the Court entered final judgment dismissing the improperly commenced action without prejudice. The Court noted that the action had not been properly commenced because neither a filing fee nor filing fee had been submitted with the action, and petitioner had used the first and last pages of the required petition form essentially as a cover document for other papers rather than to state claims.

////

Prior to dismissing the action without prejudice to a properly commenced new action under a new docket number, the Court expressly found:

> . . . . It does not appear from the papers presented that a dismissal without prejudice would result in a promptly-filed new petition being untimely. In this regard, petitioner at all times remains responsible for calculating the running of the federal limitation period as applied to his case, properly commencing a timely-filed federal habeas action, and properly exhausting his claims in the state courts.

#9, at 2.

## *Discussion*

In his motion for reconsideration, petitioner states that "his only request in this writ, was his discovery" and that "there was no challenge to the validity of his [judgment of conviction] at this point."

Regardless of what relief petitioner is seeking, he first must properly commence a federal civil action in order to seek federal judicial relief. In order to properly commence a federal civil action, petitioner: (a) must satisfy the filing fee requirement, either by paying the required filing fee or by filing a properly completed pauper application;[1] and (b) must file a pleading, such as a habeas petition or a civil rights complaint. Petitioner may not simply file a freestanding motion or request for relief, such as for production of documents.

This improperly commenced action thus was properly dismissed without prejudice due to the multiple substantial defects in petitioner's papers.

Given that petitioner's state direct appeal still is pending, the one-year federal limitation period for a habeas action has not even begun to run. The dismissal without prejudice therefore would not result in a new action being untimely.[2] Nor would the dismissal without prejudice result in other substantial prejudice to petitioner. Petitioner can make the same

---

[1] The filing fee for a habeas petition is $5. The filing fee for all other civil actions, including actions seeking relief other than challenging a judgment of conviction, is $350.00.

[2] Petitioner at all times remains responsible for calculating the running of the federal limitation period as applied to his case, properly commencing a timely-filed federal action, and properly exhausting his claims in the state courts.

request for relief that he has made in this improperly commenced action instead in a new properly commenced action under a new docket number. The Court expresses no opinion as to whether petitioner may obtain the relief sought, which essentially seeks federal judicial intervention in a pending state criminal case that still is on direct appeal.

IT THEREFORE IS ORDERED that the motion (#13) for reconsideration is DENIED.

IT FURTHER IS ORDERED that the motion (#14) for a copy of a docket sheet is GRANTED and that the Clerk shall send petitioner an updated docket sheet.

IT FURTHER IS ORDERED that all remaining motions on file at the time of this order are DENIED as moot.

IT FURTHER IS ORDERED that the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order is not taken in good faith and that the Clerk shall prominently reflect this certification on the docket. The Court notes in this regard that petitioner neither has applied for nor been granted pauper status. Assuming *arguendo* that petitioner were to seek to appeal *in forma pauperis*, a similar appeal by a non-indigent litigant would be dismissed for lack of a substantial issue. The Court dismissed an improperly commenced action without prejudice to the filing of a new properly commenced action. Petitioner's federal limitation period for a habeas action has not commenced as yet, and the dismissal without prejudice otherwise will not result in substantial prejudice. Petitioner is seeking a federal court order directing his *state* public defender – who currently is representing petitioner on a *pending* state criminal direct appeal – to provide him copies of file materials.[3]

DATED: April 3, 2014

_____
ROBERT C. JONES
United States District Judge

---

[3] The recent denial of a petition for mandamus was without prejudice to the filing of a renewed petition if the district court had not ruled on the pending September 2013 motions within 90 days. This Court would trust that the Court of Appeals in future will take into account recent nationwide judicial resource reductions, as well as the judicial emergency that this particular court has been operating under, in setting such time periods.